IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:09CR185-1 |
| | ) | |
| JAMES COREY YOUNG | ) | |

### MEMORANDUM OPNION AND ORDER

Defendant James Corey Young ("Defendant") is a federal inmate serving a 120-month sentence. Defendant has filed a Motion to Reduce Sentence re Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 37.) The Government responded opposing Defendant's motion, (Doc. 43), and Defendant filed a reply. (Doc. 45.) For the reasons stated below, Defendant's Motion to Reduce Sentence re Compassionate Release will be denied.

### I. BACKGROUND

On September 10, 2009, Defendant pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (Doc. 31 at 1; Minute Entry 9/10/2009.) He was sentenced to 120 months of imprisonment, and the sentence was ordered to run partially concurrent with the

undischarged portion of a Virginia state sentence.[1] (Doc. 31 at 2; Doc. 34 at 7.) On November 3, 2023, Defendant filed his motion for compassionate release. (Doc. 37.) He argues for a reduction in sentence based on family circumstances, his lengthy sentence, and his rehabilitative efforts. (Id.) Defendant is 51 years old and has a projected release date of February 21, 2028.[2]

## II. ANALYSIS

A sentence imposed under the law is intended to be final. United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provides a basis to do so. Id.; see also 18 U.S.C. § 3582(b). Section 18 U.S.C. § 3582(c)(1)(A), often known as the compassionate release provision, allows a court to reduce a sentence when "extraordinary and compelling" reasons warrant such a reduction, the reduction is consistent with applicable policy statements issued by the Sentencing Commission, and a consideration of the relevant § 3553(a) sentencing factors

---

[1] Defendant was serving 14 years in prison for a conviction under Virginia state law when he was indicted on the instant offense. (Doc. 33 at 4.) The court allowed Defendant's federal sentence to run concurrently with any time remaining on the Virginia state sentence as of on April 19, 2021. (Doc. 34 at 4, 7.)

[2] BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Feb. 9, 2026).

support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i); see United States v. Davis, 99 F.4th 647, 654 (4th Cir. 2024).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. See 18 U.S.C. § 3582(c)(1)(A). The records before the court indicate Defendant made an administrative request for compassionate release which was denied, (Doc. 44-2 at 1-2), and the Government does not contest exhaustion. (Doc. 43 at 8.) Therefore, the court will proceed to the merits of Defendant's motion.

**A.   Extraordinary and Compelling Reasons**

1.   Family Circumstances

First, Defendant argues that the Court should grant a reduction of sentence because he needs to act as a caregiver for his daughter because she has been placed in DSS custody. (Doc. 37 at 2-3.) The Sentencing Commission policy statement recognizes the care of a child may be an extraordinary and compelling circumstance supporting a reduction of sentence in the case of:

> The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

U.S.S.G. § 1B1.1(b)(3)(A).

According to Defendant, the mother of his daughter has a history of substance abuse and mental health issues and therefore, his daughter was in the custody of another family member. (Doc. 37 at 3.) However, his daughter was removed from the care of that person and placed in DSS custody. (Id.) Defendant asserts that "[w]hat's best for [his daughter] is really the presence of her father." (Id.)

The records confirm that Defendant's daughter was previously cared for by her grandmother but removed from her custody. A Permanency Planning Order indicates that Defendant's daughter was "adjudicated as neglected and dependent" in September of 2022, and neither her mother nor the prior custodian was considered an appropriate caregiver at that time. (Id. at 39-41.) Instead, Defendant's daughter was placed by DSS with a foster family in guardianship status. (Id. at 39.) The order concluded "it is in the best interests of the juvenile" that the "primary plan is guardianship with a concurrent secondary plan of reunification." (Id. at 42.)

Defendant is unable to show an extraordinary and compelling reason for a reduction of sentence based on the need to act as a caregiver for his daughter. The court acknowledges the difficult circumstances faced by Defendant's daughter. However, she is now over 18 years of age, no longer a minor who requires a

- 4 -

caregiver. (Id. at 37.) Nor is there an allegation or any information to suggest that she is incapable of self-care due to a mental or physical illness, the standard applicable to a child 18 years or older. See U.S.S.G. § 1B1.13(b)(3)(A).

Moreover, even when Defendant's daughter was a minor the record would not support a reduction of sentence on this basis. The state court charged with determining custody concluded that Defendant was not an appropriate legal custodian or caregiver. The Permanency Planning Order states that "[r]eturn of the juvenile to the parents . . . is contrary to her best interests, at this time." (Doc. 37 at 42.) This does not appear to be merely a consequence of Defendant's unavailability due to incarceration. In reaching its decision the state court found that "James Corey Young . . . is the alleged father of the juvenile. The father's name is not listed on the birth certificate. Paternity is an issue." (Doc. 37 at 38, ¶3.) The court also found that "James has never parented Ciara." (Id. at 40, ¶24.) Moreover, while the record indicates that Defendant has had contact with his daughter, she has never met him in person. (Id. at 28.) Therefore, even if Defendant's daughter was still a minor, the record would not support granting a reduction of sentence to allow Defendant to act as caregiver. Accordingly, Defendant has failed to show an extraordinary and compelling

- 5 -

reason for a reduction of sentence based on family circumstances.

   2. Length of Sentence

   Defendant next argues that he should be granted a reduction of sentence based on the "length of sentence." (Doc. 37 at 3.) He argues that the combined term of imprisonment from his 120-month sentence from this court along with his 14-year sentence from the Virginia court is a reason to grant a reduction. (Id.) The Sentencing Commission policy guidelines specify that an unusually long sentence may be an extraordinary and compelling reason to modify a sentence when:

> (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least 10 years; and (c) an intervening change in law has produced a gross disparity between the sentence imposed and the sentence likely to be imposed under the change in the law.

U.S.S.G. § 1B1.13(b)(6). Defendant is unable to show an extraordinary and compelling reason for a reduction on this basis.

   First, Defendant has failed to allege an intervening change in the law that shows a gross disparity between his sentence and the sentence that would likely be imposed today. Defendant simply argues that his sentence is long and he has seven years left to serve. (Doc. 37 at 3-4.) Second, Defendant fails to show an unusually long sentence. Defendant's 120-month sentence from

- 6 -

this court is within the applicable guideline range and well supported by the record. The combined time in prison from the two sentences is undeniably lengthy. However, that is a result of Defendant's repeated criminal actions and convictions for unrelated offenses. Additionally, this court already considered the impact of the state sentence at the time of sentencing and accounted for it by allowing some of Defendant's federal sentence to run concurrently to his state sentence.

In any case, Defendant has served less than six years of the sentence imposed by this court. (Doc. 44-1 at 3.) Therefore, even if he could meet the other criteria regarding an unusually long sentence, Defendant would not be entitled to a reduction of sentence at this time. See United States v. Crawley, 140 F. 4th 165, 172-73 (4th Cir. 2025) (affirming the district court's denial of a motion for compassionate release based on a disparity in sentence when defendant had not "served at least 10 years" of his prison term). Accordingly, Defendant has failed to show an extraordinary and compelling reason based on the length of his sentence.

3. Rehabilitation

Defendant also asks the court to consider evidence of his rehabilitation as a reason for a reduction. Rehabilitation "is not, by itself, an extraordinary and compelling reason" for

release, but the Court may consider rehabilitation "in combination with other circumstances in determining whether and to what extent" a sentence reduction is warranted. U.S.S.G. § 1B1.13(d). Defendant contends that he has "taken constant steps to rehabilitate himself" even during the COVID-19 lockdowns when it was difficult to do so. (Doc. 37 at 4.)

The record confirms that Defendant has received his GED and taken classes to learn employment skills and better himself while incarcerated. While in custody in Virginia he participated in numerous courses and completed the Substance Abuse and Mental Health Services Administration program ("SAMSHA"). While in federal custody he has taken BOP programming in areas such as career readiness and drug education and has maintained a clear disciplinary record. (Doc. 44-4 at 1; Doc. 37 at 30-35; Doc. 44-3 at 1.) This post-sentencing evidence is encouraging and indicates Defendant is working to better himself. However, on this basis alone, Defendant has failed to show the type of extraordinary evidence that might support a reduction of sentence. See United States v. Vaughn, 62 F.4th 1071, 1072 (7th Cir. 2023) ("[t]aking classes while incarcerated is common rather than extraordinary."); United States v. Logan, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) (noting prisoners are supposed to follow rules, work at a prison job, and take classes and

- 8 -

doing so is not extraordinary). Accordingly, the court finds that while Defendant's efforts towards rehabilitation are commendable, they are not an extraordinary and compelling reason for compassionate release.

Finally, in his reply, Defendant asks the court to consider the cumulative impact of his three grounds under U.S.S.G § 1B1.13(b)(5). (Doc. 45 at 2.) Section 1B1.13(b(5) provides that an extraordinary and compelling reason may exist when a defendant "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) thought (4)." As discussed, Defendant's arguments regarding his family circumstances, the length of his sentence, and his rehabilitative efforts fail to demonstrate an extraordinary and compelling reason for a reduction of sentence. The court finds that considering the cumulative impact of these unsuccessful arguments is not any more compelling. Compassionate release is reserved for extraordinary cases, and whether Defendant's arguments are considered individually or cumulatively he fails to meet this high standard.

## B. Section 3553(a) Factors

Having determined Defendant fails to show an extraordinary and compelling reason to modify his sentence, the court is not required to consider if the 18 U.S.C. § 3553(a) factors weigh in favor of a reduction. However, the court finds, in any case, such an analysis does not support granting Defendant relief. Section 18 U.S.C. § 3553(a) requires a sentence that is "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). In making the determination, the court weighs the nature of the offense, a defendant's personal history, the sentence relative to the seriousness of the offense, the need for a sentence to find just punishment for the crime, the need to protect the public and deter crime, the need to provide rehabilitative circumstances, and the need to avoid sentencing disparity. 18 U.S.C. § 3553(a).

Defendant argues that the "16 years of incarceration that [he] has served satisfies the purpose of sentencing." (Doc. 37 at 5.) He argues that he has accepted responsibility for his crimes and would not be a danger if released. (Id.) In addition, Defendant has also submitted numerous letters written by family members who appeal for his release, note his good qualities, and describe the benefits for their family should Defendant be released early. (Id. at 8-29.)

The court appreciates the sentiments of Defendant's family members and takes note of the family support Defendant will have upon his release. Nonetheless, these considerations do not outweigh the § 3553(a) factors which counsel against a reduction. First, Defendant's offense was serious and shows a blatant disregard for the law. Defendant, who has multiple prior felony convictions, was arrested for the current offense after he was found driving around with a loaded .38 special revolver. (Doc. 15-2 at 1-2.) The sentence falls within the applicable guideline range, and the court already provided consideration for the fact Defendant was serving a lengthy state court sentence by ordering some of the federal time to run concurrently with the state sentence. A further reduction would not reflect the seriousness of the offense or promote respect for the law.

Defendant's criminal history also weighs against early release. Defendant has prior felony convictions including for possession with intent to sell or deliver cocaine and felony possession of cocaine, and it appears that prior incarceration did little to deter additional criminal conduct. As the court recognized at sentencing, Defendant's criminal past had shown elements of violence and his "propensity to carry a firearm

poses a substantial danger."³ (Doc. 34 at 7.) Therefore, the court concluded that a sentence at the top of the guideline range was necessary. (Id.) Nothing Defendant has presented in support of his motion for compassionate release alters this conclusion. Consequently, the court finds Defendant's current sentence is "sufficient but not greater than necessary" to serve the goals of sentencing. Any lesser sentence would not afford adequate deterrence, protect the public, or promote respect for the law.

## III. CONCLUSION

For the reasons stated above, the court finds that Defendant has failed to show an extraordinary and compelling reason for a reduction of sentence and the § 3553(a) factors weigh against a reduction of sentence.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence re Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. 37), is **DENIED**.

This the 23rd day of February, 2026.

                                       /s/ William L. Osteen, Jr.
                                                        United States District Judge

---

³ For example, Defendant's Virginia offense involved physical harm to the victim. Defendant and two co-defendants, armed with guns, broke into a home and when the homeowner returned during the burglary they tied him up and assaulted him before leaving with money, clothes, and his car. (Doc. 28 at 12-13, 31-31.)